# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,      )    CRIMINAL CASE NO. **CF0558-24**
)    GPD REPORT NO. 24-13197
)
vs.      )
)
)    DECISION AND ORDER RE.
**EUGENE WAYNE TUDELA**    )    DEFENDANT'S EX PARTE MOTION
**HUFFMAN,**    )    AND APPLICATION FOR BAIL
DOB: 04/11/1970    ) REDETERMINATION UNDER 8 GCA § 40.50
)
Defendant.    )
)

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon upon Defendant Eugene Wayne Tudela Huffman's ("Defendant" or "Defendant Huffman") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 GCA § 40.50 for Release on Personal Recognizance or Unsecured Bond with Proposed Third-Party Custodians or Electronic Monitor Program (the "Motion"). Representing the Defendant is Assistant Alternate Public Defender Peter J. Santos.[1] Representing the People of Guam ("the People") is Special Assistant Attorney General Curtis C. Van de Veld. The Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM on February 13, 2025.

---

[1] On March 7, 2025, APD Santos filed an Ex Parte Motion to Withdraw as Court-Appointed Counsel, requesting withdrawal of representation in this matter due to conflict of interest with a current client. The Court granted the motion on March 18, 2025. Defendant Huffman is currently represented by appointed defense counsel Attorney Thomas J. Fisher, appointed on March 26, 2025. *See Ntc. of Ct. App. Counsel* (Mar. 18, 2025).

After having received and reviewed the pleadings on file in this case, and considering the oral arguments of the parties and the applicable law, the Court issues the following Decision and Order **DENYING** Defendant's Motion.

## PROCEDURAL AND FACTUAL BACKGROUND

The Defendant is charged in this case with the following offenses: First Degree Criminal Sexual Conduct (As a 1st Degree Felony); Third Degree Criminal Sexual Conduct (As a 2nd Degree Felony); Aggravated Assault (as a 3rd Degree Felony)(3 counts); and Felonious Restraint (As a 3rd Degree Felony).[2] On November 15, 2024, Defendant filed the instant Motion seeking his release to approved third-party custodians and asking the Court to recognize the following factors enumerated in 8 GCA § 40.15(c) in granting the Motion:

1. He is a citizen of USA and a resident of Guam for 30 plus years.
2. Has most of his family ties on Guam including his mother and son.
3. Is currently unemployed but receives VA twice a month.
4. Has prior criminal history:
   a. CF162-22: Advanced Stalking: Dismissed;
   b. CF309-21, CM142-21, CM350-19: FamilyViolence POST;
   c. CF326-20: Aggravated Assault: Dismissed;
   d. CM229-96: Family Violence: Expunged [sic].
5. Has no apparent history of drug or alcohol use;
6. He was on probation at the time of the alleged offenses.
7. Has history of non-compliance with Court Orders.
8. If released, Defendant will reside at 143A Bibic Street in Barrigada, with his approved Third Party Custodians.

*Deft.'s Mot.* at 4-5.

The People oppose Defendant's Motion, submitting that the remaining charges reflect Defendant as a threat to the safety of other family members and the community. *See Ppl.'s Opp.*

---

[2] Previously, in addition to the current charges, a grand jury indicted Defendant of Manslaughter (As a 1st Degree Felony); Aggravated Assault (As a 2nd Degree Felony)(2 Counts); Negligent Homicide (As a 3rd Degree Felony); and, an additional count of Felonious Restraint (As a 3rd Degree Felony). The Court subsequently granted the People's Motion to Dismiss these charges without prejudice. See, *Superseding Indictment* (Sep. 3, 2024); *People's Mot. To Dismiss Charge One, Charge Three (Count Two); Charge Four, Charge Five and Charge Seven (Count Two) and Order Granting Motion* (Feb. 20, 2025).

(Dec. 17, 2024) at 3. The People also cite to the Defendant's criminal history of violence against his former wife and his mother. *Id.* The Victim's family supports denying Defendant's release as stated in their impact statements. *Id.* The People oppose release to third-party custodians and further indicate that Juana Huffman and Ethan Huffman are potential witnesses to the remaining charges. *Id.*

At the Motion Hearing on February 13, 2025, in support his Motion, Defendant Huffman indicated that defense counsel was working on finding qualified third-party custodians and electronic monitoring. *Min. Entry* (Feb. 13, 2025). The People responded that no new information by the Defendant regarding third-party custodians or release on electronic monitoring had been submitted for review. *Id.* As such, Defendant's release would be inappropriate without update information regarding his residence and possible third-party custodians. *Id.*

## DISCUSSION

8 GCA § 40.15(b) provides that the Court must "order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any person or the community. (emphasis added). In making such a determination, the Court is guided by the following factors:

(1) The nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) The history and characteristics of the person charged ...
(3) The nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;
(4) Statements of the alleged victim or other as to previous incidences of violence and threats made to the alleged victim;
(5) Lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and
(6) Any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 GCA § 40.15(c) (emphasis added).

If a court finds that a release on his own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions, including:

> (a) Placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in Court;
> (b) Placement of restrictions on the activities, movements, associations and residence of the person;
> (c) Execution of a bond in an amount specified by the judge; such bond in the discretion of the to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;
> (d) Release of the person during working hours, but with the condition that he/she return to custody at specified times; or
> (e) Any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 GCA § 40.20. Under this section, the Court shall impose the least onerous conditions to ensure Defendant's appearance as required and for the safety of any other person and the community.

Considering all of the information available to the Court, and applying the 40.169c) factors, it finds that releasing Defendant on his own recognizance would present a danger to any other person or to the community.

1. **Defendant faces serious charges; has prior recent convictions for violent offenses.**

Despite the recent dismissal of the Manslaughter, 2nd Degree Felony Aggravated Assault and Negligent Homicide charges, Defendant still faces serious felony charges in this case and, as Defendant admitted in his moving papers, has a history of committing violent offenses. See *People v. Eugene Wayne Tudela Huffman*, CF0309-21; CM0142-21; CM0350-19, *Judgment of*

*Conviction (Plea Agreement)* (Sept. 8, 2021)(the "2021 Global Plea"). In the 2021 Global Plea, Defendant pled GUILTY to the following offenses:[3]

a. CF0309-21: Family Violence (As a 3rd Degree Felony)(Victim is Tamika Hennesey);

b. CM0142-21: Violation of a Court Order (As a Misdemeanor)(involving Victim Tamika Hennessey);

c. CM0350-19: Family Violence (as a Misdemeanor)(Victim is Mary Saddo Huffman) and Criminal Mischief (as a Misdemeanor)(Victim is **Juana T. Huffman**)

In this case, Defendant faces a maximum of life without parole if convicted of First Degree Criminal Sexual Conduct (as 1st Degree Felony) and between 5 to 15 years for the other felony offenses. The People have already dismissed the charges against Defendant for which it believed it could not sustain its burden of proof. See *People's Mot. to Dismiss Charge One, Charge Three (Count Two), Charge Four, Charge Five and Charge Seven (Count Two) and Order Granting Motion* (Feb. 20, 2025)(Basis of motion is the discovery of exculpatory information with regard to the allegations relating to the time period June 22, 2024 through August 6, 2024, and "the People do not believe the evidence is legally sufficient to sustain convictions on [the charges as noted]."). The People appear confident that it will be able to obtain convictions for the remaining felony offenses.

**2. Defendant's has a history of non-compliance with court-imposed conditions; history of polysubstance use disorder and history of drug use in recent cases.**

Defendant claims in his Motion that he "has no apparent history of drug or alcohol use." However, the Forensic Evaluation filed with this court on October 25, 2024, indicates that, according to records from Guam Behavioral Health and Wellness Center for the period of September 26, 1995 through August 13, 2024, Defendant was diagnosed with Polysubstance

---

[3] The Court may take judicial notice of the Judgment in these cases, as they were raised by Defendant in his moving papers. These cases are now closed, as Defendant satisfied his conditions of probation.

Dependence Disorder. *Forensic Evaluation* at 3. Moreover, "[h]e has been diagnosed in the far and near past with substance abuse disorders, possibly as a way to self-medicate or to cope." *Id.* at 5. Indeed, in the 2021 Global Judgment cases, Defendant is noted to have several violations for testing positive for methamphetamines or marijuana, to which he admitted. See First, Fourth, Fifth Violations in CF0309-21/CM0350-19/CM0142-21.

Adopting the old adage here, that the best predictor of future behavior is past behavior, the Court notes that of grave concern is Defendant's conviction for Violation of Court Order in CM0142-21, which involved the same Victim in CM0350-19. Defendant has established a history of non-compliance with court orders, from consuming illegal drugs and marijuana to violating a stay-away order, which justify denial of his release on his own recognizance.

### 3. Witnesses for the Prosecution reside in Defendant's proposed residence.

The People's Witness List (Sept. 10, 2024) names among its dozens of witnesses Ethan Huffman and Juana Huffman. Although Defendant identified them during the hearing on February 13, 2025, as possible Third Party Custodians ("TPC"), there was no information submitted to the Court to consider the individuals as possible TPCs. Of greater concern to the Court is that both Ethan and Juana are identified as witnesses for the prosecution. The relationship of the Defendant to Juana is mother and son, and between Defendant and Ethan, the latter is Defendant's son. The Court notes further that Juana has been a victim of criminal mischief at the hands of the Defendant in CM350-19. This suggests that Defendant's release to Ethan and Juana, regardless of whether as proposed TPCs or as sharing a residence, presents a high risk of influence upon their testimony at the trial of this matter. Consequently, the Court finds that the provided address is not a suitable and appropriate residence.

**4. Defendant has been deemed ineligible for release on Electronic Monitoring.**

On October 18, 2024, the Probation Services Division ("Probation") filed a Declaration Re: Eligibility for Participation in the Electronic Monitoring Program. In the report, Probation indicated that the Defendant has been deemed ineligible to participate in the program because the Defendant had warrants in CM0309-21, CM0142-21, and CM0350-19 on January 3, 2024, pursuant to its policy and procedure guideline of "hav[ing] warrants within the last three (3) years." *Decl. Re: Elig.* (Oct. 18, 2024). As such, the Court deems the Defendant ineligible at this time for release on Electronic Monitoring.

## CONCLUSION

For the above reasons, Defendant's Motion is **DENIED**. However, this decision does not preclude Defendant Huffman from requesting release to appropriate, property vetted third-party custodians in the future by filing the appropriate written motion.

**SO ORDERED** this 14th day of May, 2025.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

SERVICE VIA EMAIL
I acknowledge that an electronic copy of the original was e-mailed to:
APD, AG's Prosecutor
Fision Thomas
VANDEVELD
MAY Date: 2025 Time: 591 PM

Deputy Clerk, Superior Court of Guam